## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TRISTAN TRUMAINE WEST** | : | **DOCKET NO. 2:22-cv-5336** |
| **DOC # 401959** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **MICHAEL DICKERSON, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983 by Tristan Trumaine West, who is proceeding *pro se* and *in forma pauperis* in this matter. West is an inmate in the custody of the Louisiana Department of Corrections ("LDOC") and is currently incarcerated at the Jefferson Davis Correctional Center in Jennings, Louisiana ("JDCC").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED** that the matter be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

### I.
#### BACKGROUND

According to his complaint, the plaintiff placed toilet tissue in his ear one night as a "sound barrier" to help him sleep.  Doc. 1, p. 3.  When he awoke in the morning, the tissue was lodged "deep" into his ears.  *Id.*  He was taken to the nurse's station and while attempting to remove the tissue using a large pair of tweezers, Nurse Michael Dickerson inadvertently ruptured plaintiff's ear drum.  *Id.*  He was taken to the emergency room where it was determined that he needed to see

a specialist.  *Id*.  He was given antibiotics and pain medication.  *Id*.  He complains that he had to wait over a month with the tissue lodged in his ear before seeing a specialist.  He was ultimately treated by a specialist who removed the toilet tissue from his ear, treated the ear drum and prescribed additional medication.  *Id*. at p. 4.  He continues to be treated by the specialist at LSU Health Center in Shreveport, Louisiana.  *Id*.

Plaintiff seeks compensation for pain and suffering and possible permanent damage caused by Nurse Dickerson performing a procedure he was "not qualified to perform."  *Id*. at p. 5.

## II.
### LAW & ANALYSIS

#### A.  *Frivolity Review*

West has been granted leave to proceed *in forma pauperis* in this matter.  Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

**B.  Section 1983**

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

**C.  Theory of the Complaint**

Plaintiff's complaint alleges lack of proper medical care.  The federal constitutional rights of an incarcerated person, whether he is a pretrial detainee or a convicted prisoner, are violated only if his serious medical needs are met with deliberate indifference on the part of penal authorities. *See Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir. 2001); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). On that point, the United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

*Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105

F.3d 1059, 1061 (5th Cir. 1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

West has made no such showing.  His complaint clearly demonstrates that he was, and continues to be, provided with medical treatment.  He admits he was seen by Nurse Dickerson as soon as he discovered the tissue was lodged in his ear.  The nurse attempted to remedy the situation and when he wasn't successful, plaintiff was immediately taken to a hospital and later seen by a specialist, who continues to treat him.  It has been consistently held that an inmate who has been examined by medical personnel on numerous occasions fails to set forth a valid showing of deliberate indifference to serious medical needs. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992).  Moreover, the fact that plaintiff was initially seen and treated by a nurse rather than a physician does not implicate the constitution. *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998) citing *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992).

Plaintiff's primary contention is that Nurse Dickerson committed malpractice or was negligent in his treatment of plaintiff's condition. Although such actions may be asserted under state law, such an action is not cognizable under § 1983. *Estelle v. Gamble*, 97 S.Ct. 285, 293 (1976); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Stewart*, 174 F.3d at 534 citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993), and *Williams v. Treen*, 671 F.2d 892, 901 (5th Cir. 1982).  "Simple medical malpractice or negligence does not constitute a violation of an inmate's constitutional rights.  It is, instead, a violation of a tort duty of care and must be pursued in state court."   *Cerna v. Texas Tech Medical Staff*, No. 2:03-CV-0322, 2004 U.S. Dist. LEXIS 62, 2004 WL 42602, at *2 (N.D. Tex. Jan. 7, 2004)

Accordingly, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii) and (ii), as frivolous and for failing to state a claim on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. **Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 21st day of December, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE